Max Raskin and Willard A. Bowman, both of Milwaukee, Wis., for appellant.

Harney B. Stover and Howard A. Hartman, both of Milwaukee, Wis., for appellees.

Before SPARKS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

## CITY OF MILWAUKEE v. AMERICAN S. S. CO. et al.

### No. 5283.

Circuit Court of Appeals, Seventh Circuit.

April 3, 1935.

FITZHENRY, Circuit Judge.

This is an appeal from an order granting a preliminary injunction to restrain the city of Milwaukee from enforcing certain ordinances regulating vessels in the harbors and rivers of the city of Milwaukee as provided in the Milwaukee Code. The cause was heard upon appellees' verified bill of complaint, no answer, affidavits, or testimony being offered by appellant to dispute the allegations of the bill.

The pertinent sections of the Milwaukee Code are set forth in the margin.[1]

Appellees are owners and operators of steam vessels engaged in interstate commerce on the Great Lakes and their tribu-

---

[1] "(b) No vessel, craft or float propelled by steam shall pass stern first through the draw of any bridge, unless towed by a tug.

"(e) All vessels, craft or floats passing through the draw of any bridge shall do so as rapidly as is consistent with the proper movement in the river, and with the terms of this article; but in no case shall any vessel, craft or float cause any bridge to remain open for more than five minutes." Section 712, p. 325, Milwaukee Code 1914.

"The owner or other person in charge of any vessel, craft or float, or any other person violating any of the provisions of the foregoing sections of this article, un-

less otherwise provided, shall upon conviction thereof be fined not less than ten dollars or more than one hundred dollars for each offense; and the obstruction of any channel in violation of the terms of this article for each period of twenty-four hours or part thereof shall be considered a separate offense. Every vessel, craft or float, whose owner, master or other person in charge shall become liable as herein provided, shall also be chargeable with the payment of said penalty, and the same shall be and constitute a lien upon such vessel, craft or float, to be enforced as provided by law." Section 720, p. 328, Milwaukee Code of 1914.

tary waters. They frequently have occasion to enter the port of Milwaukee and navigate the rivers comprising the inner harbor. The inner harbor is composed of three rivers, spanned at various places by municipally owned bridges erected under permits from the Secretary of War of the United States. The city of Milwaukee has sole charge of the dredging and maintenance of the inner harbor channels. The rivers are too narrow to permit vessels like those of appellees to turn after entering the channels. The vessels entering the rivers must necessarily descend stern first. The ordinary type of vessel operated by appellees cannot pass through the draws of the bridges without keeping them open for more than five minutes while the vessels are moving stern first.

On June 3, 1934, there was a strike in Milwaukee, and appellees were unable to secure the services of a tug to tow them. Since that date the officials of the city of Milwaukee issued warrants charging violations of the ordinance, because the vessels of appellees passed stern first through the city bridges without the aid of a tug, notwithstanding the inability of appellees to obtain tugs. Appellees contended that, if they were compelled to remain within the harbor after discharging their cargoes, they would suffer irreparable damage. They contended that the ordinances in question of the city of Milwaukee are void, for the reason they are repugnant to the regulations of the War Department of the United States prescribed pursuant to the acts of Congress. It was upon this showing that the District Court issued the order here appealed from.

The regulation of navigable waters has been delegated by Congress to the Secretary of War. 33 USCA § 499. In the exercise of the power thus vested in him, the Secretary of War prescribed regulations for all bridges owned or operated by the city of Milwaukee across the Milwaukee, Menomonee, and Kinnickinnic rivers, except bridges across the Milwaukee river north of and including Buffalo street bridge. These regulations are detailed and comprehensive, and provide for the immediate opening of the draws of the bridges at all times except during certain designated hours, upon certain signals, permit the closing of the bridges for a certain period where street traffic has been delayed because of the draws "having been continuously open for five minutes or more for the passage of any of the vessels," provide sig-

nals to be given in case the draws cannot be immediately opened on signal, etc. In addition to these regulations, others have been issued governing the speed of vessels entering or leaving the various harbors on Lake Michigan, including that of Milwaukee.

By reason of the comprehensive nature of the regulations of the Secretary of War, there remains no room for municipal regulations upon this subject. City of Chicago v. Chicago Transp. Co. et al. (C. C. A.) 222 F. 238, L. R. A. 1915F, 1062. The question here raised is analogous to that which was raised in the case of Napier v. Atlantic Coast Line Railway Co., 272 U. S. 605, 47 S. Ct. 207, 71 L. Ed. 432. In that case the Supreme Court held that, Congress having delegated the power to regulate interstate commerce to the Interstate Commerce Commission, state action upon the same subject was precluded. The District Court properly enjoined the enforcement of the ordinance in question.

Affirmed.